UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: _____

MAGNUM CAPITAL, LLC,

    Plaintiff,

v.

ESSEX INSURANCE COMPANY,

    Defendant.

## COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF

Plaintiff, MAGNUM CAPITAL, LLC ("MAGNUM"), by and through its undersigned counsel, hereby submits this Complaint against Defendant, ESSEX INSURANCE COMPANY ("ESSEX"), and in support thereof, alleges and avers as follows:

### I. NATURE OF CLAIMS

1. Plaintiff brings this action under Federal Rule Of Civil Procedure 57 seeking a determination of the parties' legal rights and obligations under the insurance policy and seeking economic and non-economic damages related to Defendant's breach of contract, statutory claims pursuant to C.R.S. §§10-3-1115 and 10-3-1116, and bad faith breach of insurance contract, arising from ESSEX'S unreasonable delay and failure to pay in full covered benefits due and owing to MAGNUM under its insurance policy.

## II. JURISDICTION AND VENUE

2. The Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 and 1441, because the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, MAGNUM is a Colorado limited liability company with its principle place of business located in Castle Rock, Colorado. ESSEX is an insurance company incorporated in the state of Virginia with its principle place of business located in Glen Allen, Virginia.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because MAGNUM'S members reside in this district and the events giving rise to this action took place in this district.

## III. COMMON FACTUAL ALLEGATIONS

4. This matter arises from a disputed property insurance claim occurring during the time that ESSEX'S insurance policy provided coverage for MAGNUM'S insured property.

5. In exchange for the premium paid, ESSEX issued MAGNUM a commercial property insurance policy, policy no. 1CR0050, with a policy period of 8/17/2012 through 8/17/2013.

6. On or about August 23, 2013, MAGNUM'S insured property was severely damaged by a wind/hail storm.

7. MAGNUM paid all necessary premiums and the policy was in full force and effect at the time that the damages occurred.

8. Damages resulting wind and/or hail are covered by the insurance policy.

9. MAGNUM timely notified ESSEX of the loss and ESSEX opened a claim pursuant to the terms and conditions of the insurance policy.

10. ESSEX retained the services of an adjusting company, Vericlaim, Inc. to investigate and adjust the claim. Vericlaim is an independent adjusting firm that adjusts claims exclusively on behalf of insurance carriers.

11. On or about September 23, 2013, ESSEX'S assigned adjuster met MAGNUM'S representatives at the property with the purported purpose of investigating and inspecting the damages.

12. At that time, MAGNUM'S representatives pointed out multiple areas of storm damage to the property, including, the roof, the ridge vents and vent caps, the walkway cover, the storefront window, the HVAC unit(s), and the epoxy finish on the walkways. MAGNUM'S representatives also notified ESSEX'S adjuster that there had been several roof leaks occurring after the storm which were believed to have caused damage to the interior of the property.

13. At that inspection, MAGNUM'S representatives also provided an estimate of what they believed the cost to repair the property to be at that time.

14. Despite the obvious nature of the damages, ESSEX refused to pay the amounts due and owing under the policy.

15. Instead, MAGNUM retained Rimkus Consulting Group to provide an opinion on the damages sustained.

16. Rimkus Consulting Group is a preferred vendor for ESSEX despite the fact that it has a history of performing outcome oriented investigations and biased reports for its insurance company clients. In fact, Rimkus was even investigated by the

Mississippi Attorney General's office after Hurricane Katrina when it was learned that Rimkus altered engineering reports to assist insurance companies to help insurance companies minimize or deny claims payments.

17. After significant delays in obtaining the report, Rimkus noted that the storm event in question had caused damage to the property as MAGNUM'S representatives believed. Rimkus, however, opined that the damage was "cosmetic" and not "functional" damage.

18. While Rimkus was retained to investigate the damage and provide an opinion, ESSEX did not retain Rimkus to interpret the policy or provide an opinion as to what its contractual obligations were relating to payment of the claim.

19. The policy at issue provides coverage for direct physical loss or damage to covered property.

20. The policy does not distinguish between "cosmetic damage" and "functional damage."

21. The policy does not contain an exclusion for damages that Rimkus considers to be "cosmetic" in nature.

22. Regardless, however, ESSEX paid only a portion of the damages identified.

23. Instead, ESSEX issued a check to MAGNUM for $46,471.98 on or about January 20, 2014, almost six (6) months after the loss occurred.

24. MAGNUM'S representatives disputed the determinations made by ESSEX and attempted to resolve the issues amicably.

25. When it became apparent that ESSEX would not voluntarily pay the amounts owed, MAGNUM invoked the policy's appraisal provision on or about May 6, 2014, to have the amount of loss determined in the contractually afforded alternative dispute process.

26. Despite receiving the appraisal invocation on May 6, 2014, ESSEX did not name an appraiser as required by the policy. Instead, ESSEX wrote to MAGNUM almost two months later, on June 26, 2014, advising that it would not comply the appraisal provision in the policy.

27. In the subsequent 13 months, MAGNUM continued in its attempts to resolve the disputes between the parties in an amicable manner.

28. ESSEX, however, has continually refused to pay the full amounts due and owing under the policy, and has refused to comply with its contractual obligation to submit the dispute over the amount of loss to the appraisal panel.

29. To date ESSEX has refused to provide full indemnification to MAGNUM despite knowing that it is required to do so.

30. To date ESSEX has refused to comply the appraisal provision contained in the policy despite knowing it is required to do so.

31. To date ESSEX has refused to perform a full and complete investigation with professionals that are unbiased. To the contrary, ESSEX'S investigation of the claim has been improper, inadequate, and untimely causing the unreasonable delay and denial of insurance benefits.

32. ESSEX'S conduct was willful, wanton, and done heedlessly and recklessly without regard to the consequences to its policyholder.

33. ESSEX'S knew, or should have known, that its actions were unreasonable. Despite this fact, ESSEX acted unreasonably and with knowledge, or reckless disregard of, its unreasonableness, thereby causing damages to MAGNUM.

## COUNT I

### (Request for Declaratory Relief – Scope of Damages)

34. MAGNUM incorporates the paragraphs 1-34 as if fully set forth herein.

35. The parties are in dispute as to ESSEX' contractual obligations under the insurance policy issued to Plaintiff.

36. While the parties do not dispute that certain portions of the MAGNUM'S property, including but not limited to the metal roofing system, were damaged by the wind/hail storm, ESSEX has refused to indemnify MAGNUM for the costs to repair these items.

37. Upon information and belief, ESSEX contends that it is not obligated to indemnify MAGNUM for damages that it determines are "cosmetic" in nature. Instead, ESSEX contends that it is only required to pay the cost to repair or replace "functional" damages.

38. While ESSEX has failed and/or refused to provide its definition of "functional" damage, MAGNUM contends that the policy clearly and unambiguously provides reimbursement for all direct physical damage resulting from a covered peril.

39. There is an actual and justiciable controversy concerning the scope of damages compensable under the policy.

**WHEREFORE,** Plaintiff, MAGNUM CAPITAL, LLC, respectfully asks this Court enter judgment in its favor on Count I and determine: (1) that the Policy provides

coverage for all direct physical damage resulting from a covered cause of loss; (2) that ESSEX is required to indemnify Plaintiff for all direct physical damages caused by the wind/hail storm at issue in this litigation; and (3) awarding any other such relief as this Court deems just and appropriate.

## COUNT II

### (Request for Declaratory Relief – Compel Appraisal)

40. MAGNUM incorporates the paragraphs 1-34 as if fully set forth herein.

41. The parties have a dispute as to ESSEX'S obligations to comply with the insurance policy.

42. On May 6, 2014, MAGNUM attempted to invoke the appraisal provision contained in the insurance policy.

43. In relevant part, the policy provides:

> **2. Appraisal**
>
> If we and you disagree on the value of the property or the amount of loss, either may make a written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:
>
> > a. pay its chosen appraiser; and
> >
> > b. Bear the other expenses of the appraiser and umpire equally.

44. Despite MAGNUM'S invocation of the appraisal process, ESSEX refused to comply with its contractual obligations.

45. ESSEX'S refusal to comply with the appraisal provision divested MAGNUM of its contractual right to have the amount of loss determined in the way mandated by the insurance policy.

46. ESSEX'S refusal to comply with the appraisal provision is a breach of the insurance contract.

47. There is an actual and justiciable controversy concerning ESSEX'S obligation to comply with insurance policy and the effect of ESSEX'S refusal to do so.

**WHEREFORE,** Plaintiff, MAGNUM CAPITAL, LLC., respectfully asks this Court enter judgment in its favor on Count II and determine: (1) that ESSEX breached the insurance contract by refusing to comply with the appraisal provision; (2) that ESSEX is required resolve any disputes over the amount of loss in the appraisal process; and (3) awarding any other such relief as this Court deems just and appropriate.

## COUNT III

### (Breach of Contract)

48. MAGNUM incorporates the paragraphs 1-34 as if fully set forth herein.

49. MAGNUM and ESSEX entered into a valid and enforceable contract for insurance.

50. MAGNUM has fully complied with all provision of the contract and all conditions precedent to coverage and this action.

51. Despite the foregoing, ESSEX has failed and/or refused to comply with its contractual obligations.

52. ESSEX has breached the insurance contract by failing and/or refusing to pay the full amounts due and owing under the policy in a timely manner.

8

53. ESSEX has breached the insurance contract by refusing to comply the appraisal provision contained in the insurance policy.

54. ESSEX has breached the insurance contract by failing to promptly and properly adjust the loss suffered by MAGNUM.

55. As a proximate result of ESSEX'S breaches of the insurance contract, MAGNUM has suffered damages and continues to suffer the loss.

**WHEREFORE,** Plaintiff, MAGNUM CAPITAL, LLC., respectfully asks this Court enter judgment in its favor on Count III and award it all damages legally recoverable including, but not limited to, all compensatory damages, all consequential damages, pre and post judgment interest, and other such relief as this Court deems just and appropriate.

## COUNT IV

### (Unreasonable Delay and Denial of Payment of Covered Benefits Pursuant to C.R.S. § 13-3-1115 and 10-3-1116)

56. MAGNUM incorporates the paragraphs 1-34 as if fully set forth herein.

57. MAGNUM suffered a loss to property covered by the policy and provided prompt notice of the damage to ESSEX.

58. ESSEX has unreasonably denied payment for the full scope of damages caused by the storm event.

59. ESSEX has unreasonably delayed payment of the insurance benefits paid to date through its actions which include, but are not limited to: (1) failing to perform a full and complete investigation with competent and impartial individuals; (2) failing to promptly investigate the damages and make payment for the damages caused by the

storm; (3) delaying the retention and/or reports of consultants that ESSEX claims to rely upon in reaching its claim decisions; and (4) ignoring relevant authority that specifically refutes the positions ESSEX has taken in this matter.

60. Because ESSEX lacked a reasonable basis for which to delay and/or deny payment to MAGNUM, ESSEX has violated C.R.S. § 10-3-1115 and is liable to MAGNUM for the remedies provided by C.R.S. § 10-3-1116.

**WHEREFORE,** Plaintiff, MAGNUM CAPITAL, LLC., respectfully asks this Court enter judgment in its favor on Count IV and award it all damages legally recoverable, including damages in the amount of twice the covered benefit, attorneys fees, costs, and any other such relief as this Court deems just and appropriate.

## COUNT V

### (Common Law Bad Faith)

61. MAGNUM incorporates the paragraphs 1-34 as if fully set forth herein.

62. ESSEX had a duty to act reasonably and in good faith in handling the investigation of MAGNUM'S loss and in payment of owed insurance benefits.

63. The insurance contract between ESSEX and MAGNUM includes an implied obligation of good faith and fair dealing.

64. ESSEX breached its duty to act reasonably and in good faith by, inter alia: (1) failing to conduct a reasonable and timely investigation of the facts and law applicable to this matter; (2) failing to appropriately value the entire loss; (3) favoring its interests to the exclusion of MAGNUM; (4) failing to effectuate prompt, fair and equitable resolution of MAGNUM'S claims after liability had become clear; (5) conducting an incomplete, or outcome-oriented investigation of the loss; (6) not properly

evaluating estimates and reports of the loss submitted to it by MAGNUM'S representatives; (7) incorrectly valuing the claim; (8) compelling MAGNUM to become involved in litigation to enforce the policy and recover amounts due; and (9) otherwise unreasonably and improperly handling MAGNUM'S claim as provided for by C.R.S. § 10-3-1104.

65.     ESSEX knew and/or should have known that its conduct was unreasonable.

66.     ESSEX recklessly disregarded the fact that its conduct was unreasonable.

67.     ESSEX'S conduct constitutes a breach of the covenant of good faith and fair dealing implied in every insurance contract.

68.     As a result of ESSEX'S actions, MAGNUM has suffered damages, and continues to suffer the loss.

**WHEREFORE,** Plaintiff, MAGNUM CAPITAL, LLC., respectfully asks this Court enter judgment in its favor on Count V and award it all damages legally recoverable including, but not limited to, the following: all damages resulting from ESSEX'S conduct, interest, attorneys fees, costs, and any other such relief as this Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

MAGNUM CAPITAL, LLC, demands a jury trial on all issues so triable.

Respectfully submitted this 19th day of August, 2015.

                                        **MERLIN LAW GROUP, P.A.**

                                        */s/ William C. Harris*
                                        WILLIAM C. HARRIS, ESQUIRE
                                        DAVID J. PETTINATO, ESQUIRE
                                        MERLIN LAW GROUP, P.A.
                                        777 S. Harbour Island Blvd., Suite 950
                                        Tampa, Florida  33602
                                        Telephone:  (813) 229-1000
                                        Fax: (813) 229-3692
                                        Attorneys for Defendants
                                        charris@merlinlawgroup.com
                                        dpettinato@merlinlawgroup.com